---

[No. 1898, September 20, 1916.]
[Rehearing Denied December 23, 1916.]
STATE v. DANIELS.

SYLLABUS BY THE COURT.
A party seeking a postponement of a trial for any cause should ordinarily apply therefor by written motion, supporting same by affidavit.

Appeal from District Court, Guadalupe County; D. J. Leahy, Judge.

James Noah Daniels was convicted of manslaughter, and appeals. Affirmed.

F. FAIRCLOTH of Santa Rosa, for appellant.

H. S. BOWMAN, Assistant Attorney General, for the State.

## OPINION OF THE COURT.

The appellant, James Noah Daniels, and his brother, Huey Daniels, were jointly indicted at the September, 1915, term of the district court of Guadalupe county for the murder of John A. Tatum, the indictment alleging that the wound which caused death was inflicted with a bullet from a gun on May 26, 1915; death resulting on the 4th day of June following. The indictment was returned September 28, 1915, and the defendants were evidently arrested on the same day, for they were arraigned and entered a plea of not guilty at 1:30 p. m. of that day. The case was set for trial the following Thursday, September 30th, and on that day was tried, with the result that a verdict of guilty of manslaughter was returned against the appellant, and a verdict of not guilty against his co-defendant. From a judgment of the trial court sentencing appellant to a term of from seven to ten years in the penitentiary, appellant prayed and was granted this appeal.

## STATEMENT OF FACTS.

HANNA, J. (after stating the facts as above.)—The appellant assigns two grounds of error: First, that the court erred in not granting him six days in which to prepare his defense; second, that the court erred in not postponing his trial until his attorney had an opportunity to talk to the witnesses and until they arrived at the place of trial.

An examination of the record discloses that, after the arraignment of the defendants, the cause was set down for trial for Thursday morning, September 30, 1915, without any objection from either defendant, on which date the defendants, accompanied by their attorney, appeared and announced ready for trial. A jury was impaneled, and the cause proceeded to trial without objection or motion for continuance, and the first objections which appear in the record raising the grounds here urged under the assignments of error were raised in the motion for a new trial, where appellant set up that at the time of his arraignment a request was made in open court, by

his attorney, for six days' time, or until Monday, October 3, 1915, to prepare for the defense in said cause, which request was denied by the court. It is further set out in the motion for a new trial that, on the day the cause was called for trial, the defendant, by his attorney, advised the court that the witnesses for the defendant lived long distances, and that they had not yet arrived, again requesting that the trial be postponed until he had an opportunity to talk to said witnesses, which request was denied by the cuort. The motion for new trial was accompanied by two affidavits of appellant, wherein he set up that through counsel he made a request in open court for a postponement of six days to prepare for the defense in the cause, which was denied; and that he had no opportunity of consulting his witnesses between the time of his arrest and arraignment and the time of his trial, and that his witnesses lived at a long distance and did not arrive until the trial of said cause had commenced. The facts set up in the affidavits were verified by his brother and co-defendant and one J. W. Brunt.

The trial court entered an order overruling the motion for a new trial, setting out therein that no motion for continuance or postponement was filed in said cause, but that an informal request was made by counsel for the defendant for a postponement for a period of six days, which request was refused for the reason, as stated by the court at the time, that the petit jury would be discharged prior thereto, as there was not sufficient business to retain them so long; the court then advising counsel that he might file a motion for a continuance if he saw fit to do so, whereupon counsel said, in substance, that he preferred a trial at the present term of court. The order of the trial court further recited that the only witnesses who were called upon to testify in behalf of defendant concerning the facts surrounding the homicide were the defendant and his brother, both of whom were present at the time of the request for postponement, and that counsel for defendant had ample time to consult wih, and in fact did consult with, both witnesses prior to the time said cause was called for trial. The order of

the trial court recited, further, that it was therefore quite apparent that defendant's case was in no wise prejudiced by the late arrival of the other witnesses who testified concerning other matters. It therefore clearly appears that the defendant elected to proceed with the trial of the cause, declining to apply for a continuance and expressing a desire to proceed with the trial at the term of court then in session, and would now seek to speculate upon the denial of his oral request for a postponement of six days which was made at the time of the arraignment of the defendant.

Under the terms of our statute (Code 1915, § 4458), an application for a continuance must be supported by oath unless the facts be within the knowledge of the court, and by section 4462, Code 1915, it would clearly appear that the motion for continuance should be in writing. We are not concerned, however, with the question of the sufficiency of a motion for a continuance because it does not appear that the defendants, or either of them, desired more than a postponement of the cause, and failing to secure such postponement, so far as the record discloses, they were willing to proceed with the trial of the cause without further objection. The court had substantial reasons for refusing the postponement, but evidently would have granted a continuance had the same been applied for. Unquestionably, the accused is entitled to a reasonable time to prepare his defense, but the case of the accused may be set for trial at the same term of court at which he was arrested if he is given sufficient time to employ counsel and prepare for trial. It appears that the witnesses were present in court and with the witnesses for the state were put under the rule. There is an inference to be gained from the order of the trial court that some of the witnesses did not arrive until after the trial had commenced, but the defendants, nor either of them, attempted a showing that they were proceeding to trial or compelled so to do in the absence of any material witness.

It has generally been held that:

"When a party seeks a postponement of a trial for any cause, the usual practice is to make a direct application therefor to a court by motion." 6 R. C. L. 562.

And as pointed out in the same section quoted from, the application must be formal in character and in writing, except possibly under special or peculiar circumstances, and supported by affidavit.

With these requirements in mind, it is clearly evident that no error was committed by the district court in denying the oral request of the defendants for a postponement of the cause. Had a formal showing been made, we might be concerned with the question of whether or not the court had exercised sound discretion in refusing the request; but we are not called upon to make such inquiry, because it is apparent from the record that the defendants desired an immediate trial, except for the few days' delay which was sought, and their request for this delay was not seriously urged when it became apparent that a continuance beyond the term would be necessary should the request be granted.

For the reason stated, we find no error in the record, and the judgment of the trial court is affirmed; and it is so ordered.

ROBERTS, C.J., and PARKER, J., concur.